IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

LANA HARRELL,                          )
                                       )
            Plaintiff,                 )
                                       )
v.                                     )   Case No. CIV-14-048-JHP-KEW
                                       )
CAROLYN W. COLVIN, Acting              )
Commissioner of Social                 )
Security Administration,               )
                                       )
            Defendant.                 )

## REPORT AND RECOMMENDATION

Plaintiff Lana Harrell (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied. <u>Hawkins v. Chater</u>, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (quoting <u>Consolidated Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. <u>Casias v. Secretary of Health & Human Servs.</u>, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." <u>Universal Camera Corp. v. NLRB</u>, 340 U.S. 474, 488 (1951); *see also*, <u>Casias</u>, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on December 31, 1964 and was 47 years old at the time of the ALJ's decision. Claimant completed her high school education. Claimant has worked in the past as a horse tender. Claimant alleges an inability to work beginning August 25, 2010 due to limitations resulting from degenerative disc disease and high blood pressure.

## Procedural History

On January 6, 2011, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. An administrative hearing was held on September 25, 2012 before Administrative Law Judge ("ALJ") Bernard Porter by video with the ALJ presiding in McAlester, Oklahoma and Claimant appearing in Poteau, Oklahoma. On October 18, 2012, the ALJ issued an unfavorable decision on Claimant's applications. The Appeals Council denied review on December 9, 2013. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she retained the RFC to perform a range of light work with limitations.

## Error Alleged for Review

Claimant asserts the ALJ committed error in rejecting the opinion of Claimant's treating physician.

4

**Treating Physician's Opinion Evidence**

In his decision, the ALJ determined Claimant suffered from the severe impairments of degenerative disc disease of the lumbar spine and hypertension. (Tr. 14). The ALJ concluded that Claimant retained the RFC to perform light work except she required a sit/stand option every 30 minutes. She could only occasionally use foot controls and crouch, stoop, kneel, balance, and climb ramps and stairs but never climb ladders, scaffolds, or crawl. She must also avoid exposure to temperature extremes. (Tr. 15). After consultation with a vocational expert, the ALJ found Claimant retained the RFC to perform the representative jobs of information clerk, final inspector, and office helper. (Tr. 22). As a result, the ALJ found Claimant was not disabled from August 25, 2010 through the date of the decision. Id.

Claimant contends the ALJ failed to properly consider the opinion of his treating physician, Dr. George Howell. Dr. Howell completed a medical source statement on June 22, 2011. He began treating Claimant in October of 2006 and had diagnosed her with chronic low back pain, degenerative disc disease of the spine with severe neuropathy of the lower extremities. He found Claimant could not use her feet for repetitive movements such as operating foot controls in a competitive environment. Additionally, Claimant

5

could only occasionally bend and stoop but could never squat, crawl, climb, crouch, or kneel. Dr. Howell also restricted Claimant to no exposure to unprotected heights or being around moving machinery and only occasionally drive automotive equipment. (Tr. 321). Dr. Howell also opined Claimant would have to take unscheduled breaks in an 8 hour workday, would have to sit or recline at unpredictable times, experienced severe enough pain to interfere with attention and concentration and affect her ability to tolerate work stress. He also stated Claimant would have to be absent from work more than four days per month. She would also have to elevate her feet periodically during the day and require a sit/stand/walk option. (Tr. 322).

The ALJ cited the appropriate standards for evaluating treating physicians' opinions and recited Dr. Howell's findings. However, he concluded that his "assessment is deficient and without supportive medical documentation." (Tr. 20). He assigned the opinion "minimal weight" because he found many of his findings were contrary to his treatment notes or Claimant's testimony. (Tr. 20-21).

Claimant contends evidence exists in the record which is consistent with Dr. Howell's opinion. An MRI of Claimant's spine in August of 2004 indicated Claimant's L5-S1 disc showed moderate

6

loss of height and signal. A moderate midline to left lateral protrusion (herniation) of the L5-S1 disc was noted. Moderate degenerative change was noted in this disc. (Tr. 218, 221). Further, despite the ALJ's assertion to the contrary, Claimant repeatedly exhibited positive straight leg raising. (18, 234, 236, 239, 241, 244, 397, 399, 404, 407, 411, 417, 421, 427, 430, 437).

Additionally, Claimant was evaluated by Dr. Traci L. Carney. Dr. Carney found Claimant's cervical and thoracic spines were non-tender with full range of motion, and straight leg raising was negative. The lumbar spine is not referenced. Claimant's gait was safe and stable with appropriate speed, she did not ambulate with an assistive device, had no muscle atrophy, heel/toe walking was normal, and tandem gait was within normal limits. (Tr. 229). However, Dr. Carney's examination notes indicate Claimant's heel/toe walking was "weak." (Tr. 233).

The medical record is not extensive in this case. The ALJ's analysis, while adequate, finds inconsistencies in areas that are not considered to be at issue in this case, such as bilateral grip and the condition of the thoracic and cervical spine - neither of which are an issue in this case. Moreover, evidence in the record does support some level of limitation endorsed by Dr. Howell.

7

In deciding how much weight to give the opinion of a treating physician, an ALJ must first determine whether the opinion is entitled to "controlling weight." Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003). An ALJ is required to give the opinion of a treating physician controlling weight if it is both: (1) "well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) "consistent with other substantial evidence in the record." Id. (quotation omitted). "[I]f the opinion is deficient in either of these respects, then it is not entitled to controlling weight." Id.

Even if a treating physician's opinion is not entitled to controlling weight, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527." Id. (quotation omitted). The factors reference in that section are: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6)

8

other factors brought to the ALJ's attention which tend to support or contradict the opinion. Id. at 1300-01 (quotation omitted). After considering these factors, the ALJ must "give good reasons" for the weight he ultimately assigns the opinion. 20 C.F.R. § 404.1527(d)(2); Robinson v. Barnhart, 366 F.3d 1078, 1082 (10th Cir. 2004)(citations omitted). Any such findings must be "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinions and the reason for that weight." Id. "Finally, if the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so." Watkins, 350 F.3d at 1301 (quotations omitted).

The ALJ's recitation of the law is correct but his assessment that Dr. Howell's opinion found no basis or substantiation in the record is somewhat flawed. On remand, the ALJ shall re-evaluate Dr. Howell's findings and, if necessary, order further consultative examinations to develop a more complete record.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social

9

Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 15th day of September, 2015.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE